**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4553

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARL LEE CARLSON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:22-cr-00069-CCE-1)

Submitted:  October 12, 2023                    Decided:  October 27, 2023

Before THACKER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Stacey D. Rubain, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Graham Tod Green, Assistant United States Attorney, Margaret McCall Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl Lee Carlson pleaded guilty, pursuant to a written plea agreement, to dealing firearms without a license, in violation of 18 U.S.C. §§ 2, 922(a)(1)(A), 923(a), 924(a)(1)(D). The district court sentenced Carlson to 24 months of imprisonment, followed by one year of supervised release. On appeal, Carlson's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the reasonableness of the sentence. Carlson has not filed a pro se supplemental brief despite being notified of his right to do so. Finding no error, we affirm.

We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard." *United States v. Williams*, 5 F.4th 500, 505 (4th Cir. 2021). "[W]e must first ensure that the district court committed no significant procedural error, such as improperly calculating the [Sentencing] Guidelines range, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (internal quotation marks omitted). "If the sentence is procedurally sound, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances." *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

2

During the sentencing hearing, the district court accurately calculated Carlson's advisory Guidelines range, accorded Carlson an opportunity to allocute, addressed Carlson's arguments for a shorter sentence, considered the § 3553(a) factors, and adequately explained the chosen sentence. Accordingly, Carlson's sentence is procedurally reasonable. We further conclude that Carlson has failed to rebut the presumption that his below-Guidelines sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Carlson, in writing, of the right to petition the Supreme Court of the United States for further review. If Carlson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Carlson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*